**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MELISSA HERRING,**

    **Plaintiff,**

vs.

                                            **Case No.:**

**ISHAAN, INC. d/b/a BUDGET**
**MOTEL TITUSVILLE,**

    **Defendant.**

_____

**COMPLAINT**
**Demand For Jury Trial**

**COMES NOW**, the Plaintiff, Melissa Herring, by and through her undersigned counsel, brings this lawsuit seeking declaratory relief, injunctive relief, and monetary and punitive damages against Defendant, Ishaan, Inc. d/b/a Budget Motel Titusville ("Budget") for violations of the Florida Civil Rights Act of 1992, and Title III of the Americans with Disabilities Act. Defendant denied the Plaintiff full and equal enjoyment of Defendant's services, facilities, and privileges. Defendant also failed to make reasonable modifications in policies, practices, or procedures, and failed to remove architectural barriers that are structural in nature, in existing facilities, where such removal is readily achievable, during her seven day stay at Budget.

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over the actions pursuant to 28 U.S.C. §§ 1331, 1343.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES

### PLAINTIFF

3. Plaintiff, MELISSA HERRING ("Ms. Herring"), is and was, at all times material hereto, a resident of Brevard County, Florida.

4. Ms. Herring is an amputee missing both legs, a wheelchair user, and is a qualified person with a disability.

### DEFENDANT

5. Defendant, ISHAAN, INC. d/b/a BUDGET MOTEL TITUSVILLE ("Budget"), is a hotel as defined by Title III of the ADA, 42 U.S.C. § 12181(7)(A), 28 C.F.R. § 36.104.

6. Defendant is a place of public accommodation, and covered under the Florida Civil Rights Act. Fla. Stat. § 760.02 (11).[1]

### FACTUAL ALLEGATIONS

7. Ms. Herring is an amputee who lost both of her legs, and is mobile by wheelchair. Ms. Herring loves to read, go to the beach, and travel. Ms. Herring has had housing issues in the past, and has had to seek housing at domestic violence shelters.

---

[1] Disability discrimination claims under the Florida Civil Rights Act are analyzed using the same framework as Americans with Disabilities Act claims. *Samson v. Federal Exp. Corp.*, 746 F.3d 1196 (11th Cir. 2014).

8. In June 2018, Ms. Herring fled from a violent domestic relationship, and was forced to stay in a shelter. With the assistance of a local health agency ("LHA"), she was able to secure housing. Her move was scheduled for September 5, 2018, but on September 4th the housing option fell through leaving her, again, without housing.

9. On September 4, 2018, the LHA secured Ms. Herring temporary housing at the Budget Motel in Titusville, Florida, to begin on September 5, 2018.

10. Upon arriving at Budget, Ms. Herring requested a wheelchair accessible room, but was instead placed in a room on the second floor. Ms. Herring was told the only rooms available were on the second floor, and when an "accessible" room was available, she could move. Budget offered no accommodation, or services through alternate methods. Ms. Herring had no place to sleep that night, and was forced to take the room on the second floor.

11. Budget does not have an elevator, and Ms. Herring had to be physically carried up the stairs, in her wheelchair, to the second floor by a friend and a stranger, who she requested help from in the parking lot.

12. Once on the second floor, she found the room was not accessible. The door threshold was raised, and there was a step which could not be traversed by a wheelchair. After being carried into the room, Ms. Herring could only navigate to the television, a chair, and the kitchen table.

13. Ms. Herring's wheelchair could not fit through the bathroom door, which left her unable to use the shower or commode. Instead of an accessible bathroom, Ms. Herring was given a <u>bucket to use as a commode.</u>

14. In the event of a fire, Ms. Herring was unable to evacuate the premises. As a result, Ms. Herring had great difficulty sleeping, because she was afraid for her safety. While she was located in the second floor room, her cellphone fell into the bucket, and she was forced to use the phone in the room.

15. Ms. Herring repeatedly spoke to Budget staff about the need to be moved to an accessible room. Budget continued to tell Ms. Herring there were no handicap accessible rooms available, nor could they accommodate her in any way.

16. On September 6, 2018, a case manager from the LHA called Budget asking for Ms. Herring to be moved to an accessible room, and that she should not be using a bucket as a commode. The case manager was told that Ms. Herring would be moved once a wheelchair accessible room was available. Ms. Herring was unable to leave the room, because she could not get out, nor could she get down the stairs.

17. On September 6, 2018, Ms. Herring had to leave the second floor room to get food, and on information and belief, her friend and another person carried her down the stairs. However, upon her return from shopping, Ms. Herring had to call the Titusville Fire Department to be carried back up the stairs to the second floor.

18. The following day, September 7, 2018, the LHA spoke to Budget's manager, because the LHA was concerned for Ms. Herring's safety still being housed on the second floor, and using a bucket for a commode. Darlene advised the LHA that Ms. Herring would be moved to a first floor room that afternoon, and that room was also <u>not</u> wheelchair accessible. Budget further refused to allow Budget staff to carry Ms. Herring down the stairs due to liability issues.

19. On September 7, 2018 the Titusville Fire Department was called again, this time to carry Ms. Herring down the stairs from the second story.

20. Once moved to a first floor room, Ms. Herring found the first floor motel room was not wheelchair accessible. The door threshold was raised with a step, prohibiting Ms. Herring from entering the room, and the bathroom was also not accessible, which required Ms. Herring to continue to use a bucket as a commode, and prohibited her from being able to shower.

21. Budget was aware the first floor room was not wheelchair accessible before they moved her, but offered no accommodation or services through alternate methods. There was no phone in the room, and since her cell phone had fallen in the bucket upstairs, she was left without any way to contact people by telephone.

22. Ms. Herring was humiliated by being forced to use a bucket as a commode. The bucket needed to be emptied by hotel staff, because Ms. Herring was unable to get into the bathroom to empty the bucket.

23. Eventually, the LHA had to deliver a bedside commode so Ms. Herring did not have to continue to use a bucket for the restroom. The bedside commode still needed to be emptied by the reluctant hotel staff. The experience was humiliating.

24. Ms. Herring continued to ask to be moved to an accessible room throughout her stay. She was never accommodated, or provided services through an alternate method in any way for the seven (7) day stay.

25. Ms. Herring remained in the inaccessible room on the first floor until September 12, 2018, when the LHA could approve funding for her to be transferred to another hotel.

26. Records obtained from the LHA, documents that Budget was aware they placed Ms. Herring in an inaccessible room on the first and second floor, an admission they had no accessible rooms at the facility (on the first or the second floor), and refused to carry her downstairs due to liability.

27. On September 12, 2018, Ms. Herring was moved to another hotel which was wheelchair accessible.

28. According to county records, Budget began building the motel in 1956, and added structures over several years to 1963, with some renovations and alterations in 2015. Budget is a two story structure, with eighty one (81) rooms, and a restaurant on-site.

29. Ms. Herring has needed help with housing in the past, and would like to return to Budget, and have her disability accommodated. She has resided in Brevard County for 57 years, and plans to continue to stay in the county due to the support she receives from local agencies.

30. Ms. Herring experienced emotional distress due to the brazen disregard for her need to be accommodated, and her safety. The discrimination occurred over many days, and Budget disregarded Ms. Herring's federally protected rights, even after the LHA and Ms. Herring put them on notice that accommodations or alterations were required.

## COUNT I

## VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT

31. Plaintiff repeats and re-alleges allegations ¶¶ 1-30 in support of her claims.

32. Plaintiff has timely complied with all legally required administrative prerequisites before filing this action. Plaintiff received a Notice from the Florida Commission on Human Relations ("FCHR"), dated November 19, 2019, confirming satisfaction of the exhaustion requirement. According to the FCHR, the Defendant has received the same Notice.

33. A hotel is a place of public accommodation according to Florida Statute § 760.02 (11)(a). Due to the presence of its' restaurant, it is also covered under Florida Statute § 760.02 (11) (b).

34. All persons are entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination or segregation on the ground of race, color, national origin, sex, pregnancy, handicap, familial status, or religion. Fla. Stat. § 760.08.

35. Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff with reckless disregard for her rights when they, knowingly and brazenly, denied Ms. Herring a handicap accessible room to accommodate her disability.

36. As a result of the Defendant's actions described above, Plaintiff suffered irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and a deprivation of her rights to non-discrimination on the basis of the Plaintiff's disability.

37. Defendant violated Florida Statute § 760.08 by discriminating against the Plaintiff with reckless disregard for her rights when they, knowingly and brazenly, denied Ms. Herring a handicap accessible room to accommodate her disability, or services in an alternate method.

38. As a result of Defendant's actions described above, Plaintiff suffered irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and a deprivation of her rights to non-discrimination on the basis of the Plaintiff's disability.

**WHEREFORE,** Plaintiff respectfully requests the relief listed below:

## COUNT II

## TITLE III OF THE AMERICANS WITH DISABILITIES ACT

39. Plaintiff incorporates and re-alleges paragraphs ¶¶ 1-30 as it fully set forth herein.

40. Defendant is an entity covered by Title III of the ADA, 42 U.S.C. § 12181, *et seq*. Defendant is a private entity that owns, leases, operates, and/or manages a place of public accommodation, as defined by Title III of the ADA 42 U.S.C. § 12181(6) (7), 28 C.F.R. § 36.104.

41. Title III of the Americans with Disabilities Act states that no person shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations by any person who owns or operates a place of public accommodation. 42 U.S.C. § 12182.

42. As a preexisting building, Budget failed to remove architectural barriers, that are structural in nature, in existing facilities, … where such removal is readily achievable. 42 U.S.C. § 12182.

43. Where removal is not readily achievable, the failure of the entity to make goods, services and facilities "available through alternative methods if such methods are readily achievable, may constitute discrimination under the ADA." *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1273 (11th Cir. 2006) (citing 42 U.S.C. § 12182(b)(2)(A)(v)).

44. Upon information and belief, and given that the facility is located in a good location, on a busy street, is generally busy, and it appears that it would be readily achievable to remediate the hotel and make it more accessible and the balance of hardships between Plaintiff and Defendant would require that the hotel be brought into compliance with the ADA and that barriers to access be removed.

45. Defendant denied Plaintiff the opportunity to benefit from its services, facilities, privileges, advantages, and accommodations that were equal to that afforded to other individuals who are not disabled in violation of the prohibition against discrimination based on disability contained in Title III of the ADA, 42 U.S.C. § 12182, *et seq.*

46. Defendant intentionally failed to make reasonable modifications in its policies, practices, and/or procedures as necessary to afford Plaintiff with its goods, services, facilities, privileges, advantages, and/or accommodations in violation of the prohibition against discrimination based on disability contained in Title III of the ADA, 42 U.S.C. § 12182, *et seq.*

47. Regulations require that wheelchair accessible guest rooms shall be held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type. 28 C.F.R. § 36.302.

48. As a result of Defendant's actions described above, Plaintiff suffered irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and a deprivation of her rights to non-discrimination on the basis of her disabilities. In engaging in this unlawful conduct described above, Defendant acted maliciously to damage the rights and dignity of Plaintiff.

### RELIEF REQUESTED

**WHEREFORE,** Plaintiff respectfully requests the following relief:

A. The Court assume jurisdiction;

B. Issue a declaratory judgment that Defendant's policies, procedures, and practices have subjected Plaintiff to discrimination in violation of the Florida Civil Rights Act, and Title III of the Americans with Disabilities Act;

C. Enjoin Defendant from any policy, procedure, or practice that will deny Plaintiff equal access to and an equal opportunity to participate in and benefit from Defendant's services, based on disability;

D. Order Defendant to train its employees about Plaintiff's rights as a wheelchair user;

E. Order Defendant to make all readily achievable alterations to the hotel for Ms. Herring, a wheelchair user, which includes providing a wheelchair accessible room, to

include removing the thresholds on the door, widening the doorway to the bathroom, providing a roll-in shower, and offer a wheelchair accessible room on the first floor;

    E.    Award monetary damages to Plaintiff;

    F.    Award punitive damages for violation of the Florida Civil Rights Act;

    G.    Award reasonable attorney's fees, expenses, and costs of suit; and

    H.    Grant such other relief as the Court may deem equitable and just under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues which can be heard by a jury.

DATE: February 10, 2020.

Respectfully submitted,

**MORGAN AND MORGAN**

*/s/ Sharon Caserta*
Sharon Caserta, Esq.
Florida Bar No.: 0023117
Morgan & Morgan
Deaf /Disability Rights
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 361-0078 (Voice)
(904) 245-1121 (Videophone)
(904) 361-4305 (Facsimile)
scaserta@forthepeople.com
*Trial Counsel for Plaintiff*